UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.C.E.F., INC., a California corporation, dba ALL GREEN COLLECTIVE; TONY F. MONASSAR; JABE T. SATTERFIELD,<br><br>        Plaintiffs,<br><br>  v.<br><br>COUNTY OF KERN, a political subdivision of the State of California; and GREG FENTON, Kern County Building Official, on behalf of themselves and in the name of the People of the State of California; and DOES 1 through 10, Inclusive,<br><br>        Defendants. | No. 1:14-CV-01893-GEB-JLT<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

On December 9, 2014, Plaintiffs filed an ex parte application for a temporary restraining order ("TRO") in which they seek to have this federal court "stay a preliminary injunction order" issued by the Superior Court of the State of California in Kern County ("the County") on November 26, 2014. (Pls.' Ex Parte App. for TRO, 2:8-9, ECF No. 5). Plaintiffs Monsasar and Sattterfield own Plaintiff T.C.E.F., Inc., a medical marijuana dispensary located in the County. The state court preliminary injunction order prevents Plaintiffs from operating their dispensary. (Labbad Decl. Ex. B ("Order Granting Prelim. Inj."), ECF No. 5-1.)

1

On December 1, 2014, Plaintiffs commenced this federal action by filing a Complaint against the County and other defendants seeking damages for alleged violations of federal and state constitutional rights and an injunction staying the preliminary injunction issued by the state court on November 26, 2014. Plaintiffs filed their TRO application eight days later on December 9, 2014.

Plaintiffs' TRO application disregards the Anti-Injunction Act, which prescribes: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Section 2283 "is an absolute prohibition against any injunction of any state-court proceeding[], unless the injunction falls within one of the three specifically defined exceptions in the Act." Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977). "The limitations expressed in the Anti-Injunction Act rest[] on the fundamental constitutional independence of the States and their courts, and reflect Congress' considered judgment as to how to balance the tensions inherent in such a system." Sandpiper Vill. Condo. Ass'n, Inc. v. La.-Pac. Corp., 428 F.3d 831, 842 (9th Cir. 2005) (citations omitted, alterations in original).

> Because of the Act's constitutional foundation, its three exceptions are to be applied narrowly, and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and

2

> the fundamental principle of a dual system of courts leads inevitably to that conclusion."

Zurich Am. Ins. Co. v. Superior Court for State of Cal., 326 F.3d 816, 824 (7th Cir. 2002) (citing Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970)); see also Negrete v. Allianz Life Ins. Co. of N. Am., 523 F.3d 1091, 1100 (9th Cir. 2008) ("The authority conferred upon federal courts by the All Writs Act is restricted by the Anti-Injunction Act, which is designed to preclude unseemly interference with state court proceedings.").

Plaintiffs have not shown any exception in the Anti-Injunction Act applies to their TRO application; therefore, it is DENIED.

Dated: December 10, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge